UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  |  | CASE NO. 04-10258NG |
| ARTHUR PERNOKAS AND<br>DIANNE PERNOKAS,<br>  Plaintiffs | )<br>)<br>)<br>) | MEMORANDUM IN SUPPORT OF |
|  | ) | DEFENDANT'S MOTION TO |
| VS. | ) | EXCLUDE EVIDENCE OR |
|  | ) | TESTIMONY OF "LOST CHANCE" |
| BARRIE PASTER, M.D.,<br>  Defendant | )<br>) | DAMAGES |

The Defendant, Barrie Paster, M.D., moves to exclude evidence or testimony of "lost chance" damages in this case. The plaintiffs' case concerns allegations that Dr. Paster failed to diagnose Arthur Pernokas's colon cancer, and that the delay in diagnosis caused him to undergo surgery and chemotherapy. The plaintiffs' expert witnesses have expressed opinions indicating that the plaintiffs intend to seek damages based upon Mr. Pernokas's increased chance of recurrent cancer, and therefore his reduced chance for survival, due to the claims of delayed diagnosis. There is no recognized cause of action in Massachusetts for damages based upon such a "lost chance" theory, and even if such an action were recognized, the plaintiffs' expert reports have not provided sufficient opinions to support such a theory. Therefore, any references in the plaintiffs' expert reports to such "lost chance" are speculative, conclusory, and not supported by statements of the "basis and reasons" supporting the opinions, as required under Fed.R.Civ.P. 26(a)(2)(B).

**FACTUAL BACKGROUND**

The plaintiffs claim that Dr. Paster failed to timely diagnose Arthur Pernokas's colon cancer, and that the delay in diagnosis caused Mr. Pernokas injury, specifically colectomy surgery to remove part of his large intestine and subsequent chemotherapy. In support of their

claims, the plaintiffs have submitted expert reports from a primary care practitioner, Richard Winickoff, M.D. (attached hereto as Exhibit "A"), concerning standard of care issues, and from an oncologist, Marcia Browne, M.D. (attached hereto as Exhibit "B"), concerning causation issues. The plaintiffs' expert reports are the subject of a separate motion to exclude their testimony for failure to comply with Fed.R.Civ.P. 26(a)(2)(B), which requires that expert reports contain, among other things, "a complete statement of all opinions to be expressed and the basis and reasons therefor[.]"

The plaintiffs essentially claim that Dr. Paster should have diagnosed colon cancer in September or October 1998, when he examined Mr. Pernokas for bright red rectal bleeding and diagnosed him with an internal hemorrhoid and diverticulosis following anoscopy and sigmoidoscopy. The plaintiffs next claim that Dr. Paster should have diagnosed the cancer in December 1999 or January 2000, when Mr. Pernokas complained of bloating and gas pain. Finally, the plaintiffs claim that Dr. Paster should have diagnosed the cancer on June 8, 2001, when an examination revealed that Mr. Pernokas had lost weight, although he reported no complaints during that visit. Mr. Pernokas was diagnosed with colon cancer on March 14, 2002, when he made an unscheduled visit to Dr. Paster's office to complain of recent abdominal pain. The plaintiffs claim that earlier diagnosis would have resulted in less invasive surgery and would have obviated the need for chemotherapy. In addition, it appears the plaintiffs will also seek to claim damages for a reduced chance of survival, apparently based on a claim that his prognosis for recurrence is less favorable now than it would have been had the diagnosis been made earlier.

With respect to opinion concerning "lost chance" damages, Dr. Winickoff's report states that he believes Mr. Pernokas's cancer should have been detected in 1998, and in his opinion detection at that time would have revealed a precancerous polyp or early stage cancer with a

potential for cure "approaching 100%," while the "cure rate" for the cancer discovered is "significantly less." (Exhibit "A", p. 2). Dr. Winickoff also stated that if the cancer had been detected in early 2000, a "stage 1" cancer was likely, which would have provided "a substantially greater chance of cure[.]" (Exhibit "A", pp. 2-3). Finally, Dr. Winickoff's report states that Dr. Paster's failure to detect the cancer at a June 8, 2001 examination led to a nine-month delay in diagnosis, "contributing to Mr. Pernokas's diminished chance for full recovery[.]" (Exhibit "A", p. 3).

Dr. Browne's report states her opinion that Mr. Pernokas's cancer was detectable as a precancerous polyp or early stage cancer in 1998, and further states that earlier detection would have led to less extensive surgery and probably would not have required chemotherapy. (Exhibit "B", p. 3). Dr. Browne's report also states that, in her opinion, the cancer was more likely to metastasize as it grew larger. (Exhibit "B", p. 3). Her report sets forth general survival rates for different stages of colon cancer, although her purpose in stating these rates is not expressed. (Exhibit "B", pp. 3-4).

**ARGUMENT**

> **THE PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE OR TESTIMONY CONCERNING CAUSATION VIA "LOSS OF A SUBSTANTIAL CHANCE OF SURVIVAL" AT TRIAL BECAUSE SUCH A THEORY HAS NOT BEEN RECOGNIZED IN MASSACHUSETTS AND BECAUSE THE PLAINTIFFS HAVE FAILED TO PROVIDE ADEQUATE EXPERT OPINION TO SUPPORT SUCH A THEORY**.

In Bradford v. Baystate Med. Ctr., 415 Mass. 202 (1993), the Supreme Judicial Court of Massachusetts addressed the question of whether a medical malpractice tribunal should consider claims of "lost chance" in determining whether a legitimate claim had been raised. The court noted that, under traditional rules of tort law, "a plaintiff must show that it is more probable than not that the injury was caused by the defendant's negligence." Id. at 208, citing Forlano v.

Hughes, 393 Mass. 502, 507-508 (1984).  Under that standard, the court recognized that a plaintiff whose chances for survival were "no greater than even" would be unable to prove causation.  The court recognized the existence of the lost chance theory, but did not adopt it for use in Massachusetts courts.  Instead, the court indicated that, "[u]ntil the question of law is resolved," a medical malpractice tribunal should assess whether a plaintiff can prevail by showing that "the alleged negligence of a defendant was more probably than not a cause of the loss of a substantial chance to survive."  Id. at 209.  This issue has not been addressed by the Massachusetts Supreme Judicial Court since Bradford.  Therefore, it is inappropriate to create a cause of action not yet recognized in Massachusetts.

The apparent claim with respect to loss of chance, considered most favorably to the statements in the plaintiffs' expert reports, is that earlier detection and treatment would have resulted in a nearly 100% chance of full cure, while Mr. Pernokas now has a 65% chance of survival as a stage III, post-chemotherapy colon cancer patient.  (Exhibit "A", p. 2; Exhibit B, pp. 3-4).  Without the lost chance theory of recovery, the plaintiffs cannot show that Mr. Pernokas has suffered any injuries with respect to his chances of survival, because his chance of survival after surgery and chemotherapy is still greater than 50%.  Therefore, it is at least as likely that he has suffered no diminution to his chances of survival, and he will be unable to satisfy the traditional tort causation test applied in Massachusetts.

Even if the lost chance theory were recognized and applied in Massachusetts, such evidence should not be admitted here because the plaintiffs have failed to provide adequate expert testimony to support such a claim.  The lost chance theory is, in essence, a theory of causation, which can be established only through the use of expert testimony.  See Berardi v. Menicks, 340 Mass. 396, 401 (1960) (causation generally must be shown by expert testimony);

Keppler v. Tufts, 38 Mass. App. Ct. 587, 591 (1995) (expert opinion needed to show that negligence more probably than not caused loss of substantial chance to survive).  As discussed more fully in the defendant's separately filed motion to exclude or limit the testimony of the plaintiffs' experts, the reports submitted by the plaintiffs' experts are inadequate because they make conclusory assertions without any statement of the basis and reasons for the opinions held, as required by Fed.R.Civ.P. 26(a)(2)(B).  The plaintiffs' expert reports are similarly inadequate with respect to any claim of lost chance because the reports contain no discussion of the issue.  Instead, Dr. Winickoff's report uses phrases such as "substantially greater chance" (Exhibit "A", p. 3) and "diminished chance" (Exhibit "A", p. 3), without any explanation of the probabilities involved, and without any explanation as to how such conclusions were reached.  Dr. Browne's report makes no explicit statement concerning Mr. Pernokas's chances of survival, or whether he has lost a substantial chance of survival in this case.  Instead, her report merely sets forth general survival rates for different stages of colon cancer, without stating the relevance of those statistics to Mr. Pernokas.  (Exhibit "B", pp. 3-4).

Fed.R.Civ.P. 26(a)(2)(B) requires that experts retained to testify at trial disclose their opinions by submitting reports stating, among other things, "a complete statement of all opinions to be expressed and the basis and reasons therefor[.]"  If a party fails to make the required disclosures without substantial justification, information not disclosed "shall not" be admitted as evidence at trial.  Fed.R.Civ.P. 37(c)(1); Sharpe v. United States, 230 F.R.D. 452, 456 (E.D.Va. 2005).  The purpose of the expert disclosure requirement in Civ.R. 26(a)(2)(B) is to ensure that parties provide complete information concerning the opinions to be expressed at trial, and the reports "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."  Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998).

Neither of the expert reports is sufficient to support a loss of substantial chance theory. Neither engages in any substantive discussion of such a theory or how it relates to Mr. Pernokas's condition.  In addition, Dr. Winickoff's opinions as to causation of any kind are inadequate because he has not stated any reasons to support his conclusory statements that Mr. Pernokas's cancer was detectable in 1998, nor has he stated any reasons to support his opinion that the cancer would not have required chemotherapy if detected earlier.  Similarly, Dr. Browne's opinions are all stated as conclusions, with no basis or reasons given.  Although she has expressed the opinion that Mr. Pernokas's cancer could have been detected by colonoscopy in 1998, her report fails to give any information or explanation from which one can ascertain the reasons for such a belief.  Without an explanation of the reasons or basis for this opinion, that is itself inadmissible.

Dr. Browne's report does not specifically address the "loss of substantial chance" theory. While she states that the cancer's likelihood of metastasis increased as time passed and/or as the tumor grew larger, she has not explained the basis for this conclusion.  Dr. Browne's statements concerning general survival rates for individuals diagnosed with cancer fail to take into account any of Mr. Pernokas's actual medical history and thus state no actual opinion concerning his prognosis in this case.  These general statistics can have no application to Mr. Pernokas without specific review of his condition and explanation of the relation of those statistics to this case.

Because neither of the plaintiffs' experts has submitted a report that states an adequate opinion concerning causation via the loss of a substantial chance of survival, no evidence concerning such a theory should be admitted at trial, even if such a theory is recognized as viable by this Court.

**CONCLUSION**

For the foregoing reasons, Defendant Barrie Paster, M.D., respectfully requests that this Court exclude evidence or testimony of the plaintiffs' "lost chance" damages.

          /s/ Anthony R. Brighton
Charles P. Reidy, III
B.B.O. No. 415720
Anthony R. Brighton
B.B.O. No. 660193
Attorney for Defendant, Barrie Paster, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240

CERTIFICATE OF SERVICE

I, Anthony R. Brighton, attorney for defendant, Barrie Paster, M.D., hereby certify that on the 18th day of May, 2006, a copy of the above document was sent by mail, postage prepaid to Robert C. Gabler, Esquire, 100 Summer Street, Suite 3232, Boston, MA 02110.

          /s/ Anthony R. Brighton
Charles P. Reidy, III
B.B.O. No. 415720
Anthony R. Brighton
B.B.O. No. 660193
Attorney for Defendant, Barrie Paster, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240