


# Massachusetts General Hospital

MGH Beacon Hill
165 Cambridge St., Suite 501
Fifth Floor
Boston, MA 02114

Richard N. Winickoff, M.D.
Medical Director
Tel: 617.726.4900
Fax: 617.228.6306
Email: rwinickoff@ partners.org

Attorney Robert Gabler
32nd floor
100 Summer St.
Boston, MA 02110-2104

RE:   Arthur Pernokas and Dianne Pernokas v. Barrie Paster, M.D.

Dear Mr. Gabler:

At your request I have reviewed the records pertaining to the above matter, including the following:

    a.    Arthur Pernokas's Anwers to Interrogatories;
    b.    Dianne Pernokas's Anwers to Interrogatories ;
    c.    Baster Paster, MD's Answers to Interrogatories;
    d.    Deposition of Arthur Pernokas;
    e.    Deposition of Dianne Pernokas;
    f.    Deposition of Barrie Paster, MD and
    g.    Affidavit of Arthur Pernokas

I have also reviewed medical records of Mr. Pernokas from various providers

    a.    Greenleaf Medical Associates and Barrie Paster, MD (the defendant);
    b.    Stephen Chastain, MD (his current PCP);
    c.    Anna Jacques Hosp;
    d.    Caritas Holy Family Hosp; and
    e.    Putnam Breed, MD

Dr. Paster served as Mr. Penokas's primary physician from 12/20/96 until 3/14/02. On 9/11/98, Mr. Penokas complained of "some intermittent bright red rectal bleeding over the past week or two. He has had some episodes in the past." Dr. Paster performed an anoscopy which revealed an internal hemorrhoid. He prescribed Anusol

1

HC suppositories and on 10/14/98, performed a flexible sigmoidoscopy to 55 cm. At sigmoidoscopy, he reported diverticuli, prominent vessels, small breaks in the mucosa at 5 cm, and an internal hemorrhoid at seven o'clock. No actual bleeding was seen. He indicated that the small breaks in the mucosa were the probable source of bleeding.

Mr. Penokas complained of "abdominal distention and feeling of being bloated with gas" almost on a daily basis at an office visit on 12/8/99. This symptom was ascribed to Lopid. On 1/6/00 he called complaining of continued abdominal pain, and his medication was changed to Pravachol. Mr. Pernokas had an evaluation by Dr. Paster on June 8, 2001 but the physical examination was restricted to vital signs, eyes and extremities, and there was a cursory history despite significant weight loss. No evaluation was done of his weight loss, and he had not been seen in 18 months. On 3/14/02, he came to the office complaining of increasing abdominal pain and was seen by Jocelyn Duff, PA. At that visit he was found to have abdominal tenderness and a positive stool for blood. A CBC showed anemia. CT scan showed a large mass in the ascending colon. He was referred to Dr. Breed, a surgeon. Dr. Breed removed the right colon to the hepatic flexure, including a segment of distal ileum. He performed an ileal-to-hepatic-flexure anastomosis. At pathology, a 5 x 10.5 cm adenocarcinoma at the ileocecal valve was found. It had invaded through the bowel wall, and three of 14 lymph nodes were positive, making it stage III. The patient then had adjuvant chemotherapy with 5FU and leucovorin. He completed treatment in November, 2002.

In my opinion, bsaed upon a reasonable degree of medical certainty, Dr. Paster deviated from the acceptable standard of care of the average, qualified primary care physician/family practice doctor in 1998 by not attempting to make a definitive diagnosis of the source of lower gastrointestinal bleeding. In the case of lower gastrointestinal bleeding, the standard of care requires either a colonoscopy initially, or if an active bleeding source is not found at flexible sigmoidoscopy, a colonoscopy subsequently. Though possible sources of bleeding were identified, it could not be determined with reasonable probability that any of these were the source of the intermittent bleeding experienced by Mr. Penokas. In that situation, a colonoscopy is indicated to identify possible lesions in the proximal colon. Had a colonoscopy been performed, a precancerous polyp or Stage 1 early cancer would almost certainly have been found in the right colon. It almost certainly would have been removed without a right colectomy, giving Mr. Penokas a much greater chance of cure, probably approaching 100%. With stage III colon cancer, the cure rate is significantly less. In addition, Mr. Penokas was subjected to major surgery, and is left with a shortened bowel that causes loose stools. He also had to undergo a debilitating treatment, chemotherapy. There were other opportunities to complete the evaluation of the colon when Mr. Penokas complained of abdominal pain in 1999 and 2000. No attempt was made to evaluate the cause of the abdominal pain at that time. Having not done a colonoscopy in 1998, Dr. Paster should have ordered one in 2000. Had a colonoscopy been performed in early 2000, a stage 1 cancer would more likely than not have been

found, leading to a substantially greater chance of cure with less extensive surgery. Chemotherapy would have been avoided as well.

Dr. Barrie should have asked appropriate questions leading to a possible explanation for the weight loss on June 8, 2001. Dr. Paster should have taken a more thorough history and done a review of systems as well. He also failed to carry out an adequate laboratory evaluation for someone in his 40s who was drinking heavily, had lost substantial weight and had not been seen for 18 months. At a minimum he should have ordered a CBC and other tests. More probably than not, these actions also would have led to a more timely diagnosis of colon cancer which spread as it went undiagnosed for another nine months, contributing to Mr. Pernokas's diminished chance for full recovery and less invasive treatment.

I have attached a copy of my current curriculum vitae, Parts I - III, which includes a discussion of my research, teaching and clinical contributions. My hourly rate for review of records is $325 and my rate for testifying in court is $450. I have testified as an expert at trial or in depositions in the following cases in the past four years:

2002: Lloyd Cohen exec of estate of Shirley Smokler v Mark Yurkofsky: Suffolk 96-6101F

2004: Estate of Rossann Goss v. Christine Gordon, James Hoy and Kelly Hoy: Bristol 00-1064

2005: John Baheuth v. Michael Gendlerman: Essex 02-0970

Signed under the pains and penalties of perjury this 7th day of March 2006.

Sincerely,

*Richard N. Winickoff, M.D.*
Richard N. Winickoff, M.D.
Associate Professor of Medicine
Harvard Medical School