Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-10258NG

ARTHUR PERNOKAS,
Plaintiff

VS.
BARRIE PASTER, M.D.,
Defendant

REQUEST OF THE DEFENDANT, BARRIE PASTER, M.D., FOR JURY INSTRUCTIONS.

1. You have been chosen and sworn as jurors in this case to decide the issues of fact and to apply the law of those facts as the court gives the law to you in these instructions. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The court, the parties and the public expect that you will carefully and impartially consider all evidence in the case, follow the law as stated by the court, and reach a just verdict free from all personal sympathies and prejudices. I am confident that you will meet these expectations.

    See 2 Devitt and Blackmar, §71.022, at 586.

    See *Crocker v. Justices of Superior Court*, 208 Mass. 162, 179 (1911).

2. Sympathy is a very human characteristic which should be practiced by all of us in our everyday lives. It would be a pretty sad world without it. However, sympathy cannot be a factor in the courtroom or in the jury room during deliberations. Sympathy for or against a party or a party's family is irrelevant to the issues to be decided here, because sympathy is grounded in emotions and you are to concern yourselves with facts. Thus you are to rule out sympathy.

3. You the jury are the exclusive judges of the facts in this case. Thus, with respect to each witness that is presented to you, you are entitled to accept everything the witness says, accept nothing that the witness says, or accept some of the witness' testimony and reject other portions of the testimony. It is entirely up to you. As you engage in this process when each witness and each item of evidence has been presented to you, at the close of the case you will then be in a position to determine that which you find to be the actual facts in the matter.

4. As the exclusive judges of the facts in this case, your decision must be based entirely and only upon those facts as you find them. You cannot and must not consider anything that you may have heard from any person who does not know all of the facts, nor can you

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



permit yourselves to be influenced by any other situation where you do not know all of the facts. You alone are the only experts on the facts of this case, and it is only upon those facts alone as you find them that you can and must base your opinion.

5. The burden of proof is upon the plaintiff to show affirmatively the right to recover any damages from the defendants. This burden of proof requires the plaintiff to establish by a preponderance of the evidence those facts which I shall later point out to you are necessary in order to obtain any recovery.

6. The plaintiff has failed to maintain the burden of proof if on the whole evidence the question of the defendants' negligence is left to conjecture, surmise or speculation.

> *Bigwood v. Boston & Northern Street Railway*, 209 Mass. 345, 348 (1911)
> *Morris v. Weene*, 258 Mass. 178, 180 (1927)
> *Murphy v. Conway*, 360 Mass. 746, 749 (1972)

7. The plaintiff must prove every element of HIS case by a fair preponderance of the credible evidence. The weight or preponderance of evidence is its power to convince the tribunal which has the determination of the facts, of the actual truth of the proposition to be proved. After the evidence has been weighed, that proposition is proved by a preponderance of the evidence if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may linger there. Another description of the state of mind, which is satisfied by a fair preponderance of the evidence, is a balance of probability in the favor of the plaintiff.

> *Stepakoff v. Kantar*, 393 Mass. 836, 842-843 (1985)

8. The mere fact of injury does not even raise a presumption of negligence on the part of Dr. Paster.

> *Semirjian v. Stetson*, 284 Mass. 510, 514 (l933)
> *Klucken v. Levi*, 293 Mass. 545, 550-551 (1936)

9. The mere fact that the plaintiff brought this action against the defendant is not to be considered by you as evidence that anyone was negligent.

10. You must find in favor of Dr. Paster unless you find that Dr. Paster's treatment of Arthur Pernokas was in violation or breach of the standard of care and skill of the average member of the medical profession practicing primary care medicine from 1998 through 2002, taking into account the advances in the profession and the resources available to him at that time.

> *Brune v. Belinkoff*, 354 Mass. 102, 109 (l968)
> *Rogers v. Okin*, 478 F. Supp. 1342, 1384-1385 (l979)

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents


11. The duty of a physician practicing primary care medicine is to use the reasonable degree of learning and skill and experience which is ordinarily possessed by others of his profession, taking into account the advances in the profession at the time that his services were rendered. In case of doubt, he is to use his best judgment consistent with accepted medical practice as to the treatment to be given to produce a good result. If he does that, he is not negligent.

*Riggs v. Christie*, 342 Mass. 402, 405-406 (1961)
*Barrette v. Hight*, 353 Mass. 268, 275, n.7 (l967)
*Brune v. Belinkoff*, 354 Mass. 102, 109 (1968)
*Grassis v. Retik*, 25 Mass. App. Ct. 595, 402 (l988)

12. A physician must be allowed a range in the reasonable exercise of his professional judgment. He is not negligent so long as he employs such judgment and so long as that judgment does not represent a departure from the requirements of accepted medical practice measured by the standards of the average qualified physician practicing in his specialty.

*Bouffard v. Canby*, 292 Mass. 305, 309 (l935)
*Borysewicz v. Dineen*, 302 Mass. 461, 463 (l939)
*Vartanian v. Berman*, 311 Mass. 249, 253 (l942)
*Grassis v. Retik*, 25 Mass. App. Ct. 595, 602 (l988)

13. The conduct of the defendant must be tested not by standards of perfection or excellence, or even by current standards, but by the standards of care and skill of the average qualified physician practicing primary care medicine in 1998 through 2002.

*Brune v. Belinkoff*, 354 Mass. 102, 109 (1968)

14. In the absence of any express promise, of which there is no evidence here, a physician does not guarantee a cure or even an improvement in his patient’s condition.

*Riggs v. Christie*, 342 Mass. 402, 406 (1961)
*Delaney v. Rosenthall*, 347 Mass. 142, 143-146 (1964)
*Grassis v. Retik*, 25 Mass. App. Ct. 595, 602 (1988)

15. Medical evidence to the effect that another physician might undertake a different course of treatment from that of the defendant is not evidence that the defendant's care was negligent.

*Bouffard v. Canby*, 292 Mass. 299, 310 (l935)

16. If you find that the care and treatment given to Arthur Pernokas by the defendant, Dr. Paster, was in accordance with accepted medical practice for the average qualified physician practicing primary care medicine in 1998-2002, your finding must be for Dr. Paster.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents


17. Even if you were to find that any care and treatment rendered by the defendant, Dr. Paster to Arthur Pernokas did not in some respects satisfy the standards of accepted medical practice, you must nevertheless find for the defendant unless you also find that these deficiencies caused or contributed to the injuries and damages complained of by the plaintiff. In considering this, you must view each aspect of the plaintiff's claim separately.

> *Marangian v. Appelian*, 286 Mass. 429, 436 (1934)
> *McCarthy v. Boston City Hospital, et al*, 358 Mass. 639, 646-647 (1971)
> *Harlow v. Chin*, 405 Mass. 697, 702 (l989)

18. This is the case because negligence does not operate in a vacuum, and any negligence would have no legal consequence unless you also find that it contributed in some way to cause injury to the plaintiff.

> *Falvey v. Hamelburg*, 347 Mass. 430, 435 (l967)

19. It is the obligation of the plaintiff to show a causal relationship between any alleged failure of a defendant and the alleged injury and/or damages. This relationship, the causal relationship in cases of this nature, requires expert medical testimony and you as the finder of fact are not entitled and are not permitted to decide vital portions of it by way of conjecture, surmise or speculation.

> *Haggerty v. McCarthy*, 344 Mass. 136, 141-142 (l962)
> *Civitarese v. Gorney*, 358 Mass. 652, 656 (l971)
> *Murphy, Admx. v. Conway*, 360 Mass. 747, 749 (1972)

20. It is the plaintiff's burden to establish through expert testimony that the injury and/or damages to the plaintiff was more probable than not a result of the negligence of the defendant.

> *Harlow v. Chin*, 405 Mass. 697, 702 (l989), citing
> *Berardi v. Menicks*, 340 Mass. 396, 402 (l960)

21. It is not enough for the plaintiff to present testimony establishing that a connection between the defendant's acts and the injury to the plaintiff is possible, conceivable or reasonable.

> *Glicklich v. Spievack,* 16 Mass. App. Ct. 488, 492 (1983)

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents


22. It is not the defendants' burden to produce evidence tending to prove that the defendants' alleged negligence had not caused or contributed to the plaintiff's injury.

*Held v. Bail*, 28 Mass. App. Ct. 919, 921 (1989), *rev. den'd*, 407 Mass. 1101 (1990).

23. Proximate cause is the plaintiff's burden and may not be assumed. You may not speculate about the possible results of administering or withholding particular treatment.

*Held v. Bail*, 28 Mass. App. Ct. 919, 921 (1989), *rev. den'd*, 407 Mass. 1101 (1990).

24. You have heard testimony by opinion witnesses in this case. If in the opinion of the Court certain knowledge is beyond the common knowledge of lay people, the Court will permit someone practicing in the field in question to testify to certain conclusions and opinions. Even though the plaintiff is required to present such evidence, you are in no way bound by the opinions and conclusions of such a witness. You should view such conclusions as any other testimony in the case, and you may consider it to the extent, and only to the extent that you find it to be of assistance to you in arriving at your conclusions.

*Commonwealth v. Spiropoulos*, 208 Mass. 71, 72 (1911)
*Dodge v. Sawyer*, 288 Mass. 402, 408 (1934)
*Commonwealth v. Dockham*, 405 Mass. 618, 629 (1989)

25. You must resolve any conflict in the testimony of the opinion witnesses by weighing each of the opinions expressed against the others, and against the other credible evidence in the case, taking into consideration the reasons given for the opinion, the facts relied upon by the witness, his or her relative credibility, and special knowledge, skill, experience, training and education.

26 You should consider each such opinion and should weigh the qualifications of the witness and the reasons given for his opinion. Give each opinion the weight to which you deem it entitled.

27. In this trial, expert witnesses have advanced opinions based on the testimony in the case, or based on assumed facts which the evidence tends to establish. It is for you as jurors to determine whether the facts on which any such opinions are based have been established. The value of any expert's testimony is no stronger than the facts on which it is based. You may give weight to the expert's opinion only if you find all of the assumed facts to be true.

*Dickinson v. Inhabitants of Fitchburg*, 79 Mass. (13 Gray) 546, 566-7 (1859).

*Commonwealth v. Taylor*, 327 Mass. 641, 649 (1951).

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete


28. A mere guess or conjecture by an expert witness in the form of a conclusion from basic facts that do not tend toward that conclusion any more than toward a contrary one, has no evidential value.

*Ruschetti's Case*, 299 Mass. 426, 431 (1938)
*Oberlander's Case*, 348 Mass. 1, 7 (1964)

29. Any opinion given by an expert should be disregarded where it amounts to no more than mere speculation or a guess from subordinate facts that do not give adequate support to the conclusion reached.

*Sevigny's Case*, 337 Mass. 747, 751 (1958)
*Lynch v. Egbert*, 360 Mass. 90, 92 (1971)
*Carey v. General Motors Corp.*, 377 Mass. 736, 741 (1979)

30. Even where expert opinion is given, such conclusions are not binding on the jury which may decline to adopt any one or all opinions.

*Banaghan v. Dewey*, 340 Mass. 73, 79 (1959)
*Dodge v. Sawyer*, 288 Mass 402, 407-408 (1934).

31. Indeed, if the opinion is a guess or a mere assertion of a possibility of a causal connection, it is insufficient alone to sustain a finding.

*Nass v. Town of Duxbury*, 327 Mass. 396, 401-402 (1951)
*Look's Case*, 345 Mass. 112, 115 (1962)
*Oberlander's Case*, 348 Mass. 1, 5-6 (1964)

32. In order for a defendant's negligence to be a proximate cause of the injury to the plaintiff, it must be a substantial contributing factor, a substantial contributing cause of that injury.

*O'Connor v. Raymark Industries, Inc.*, 401 Mass. 586, 589-591 (1988)

33. If on all the evidence it is just as reasonable to suppose that the cause of plaintiff's injury is one for which no liability would attach to a defendant as one for which a defendant is responsible, then the plaintiff has failed to make out his case.

*Wadsworth v. Boston Elevated Railway*, 182 Mass. 572, 574 (1903)
*Morris v. Weene*, 258 Mass. 178, 180 (l927)

34. In other words, while the plaintiff is not bound to exclude every other possibility of cause for her injury except that of the negligence of the defendant, plaintiff is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable.

*Forlano v. Hughes*, 393 Mass. 502, 507 (1985)

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents


35. The defendant, Dr. Paster, is not responsible for the natural course of any disease or illness from which you may find Arthur Pernokas to have been suffering regardless of the actions of the defendant. The defendant is only responsible to the plaintiff for the plaintiff's alleged injury if you find the plaintiff to have sustained such because of some act or omission of the defendant.

> *Glicklich v. Spievach*, 16 Mass. App. Ct. 488, 492 (1983)
> *Coughlin v. Bixon*, 23 Mass. App. Ct. 639, 643 (1987)
> *Miles v. Edward O. Tabor, M.D., Inc.*, 387 Mass. 783, 787 (1982)
> *Forlano v. Hughes*, 393 Mass. 502, 507 (1985).

36. In a case alleging medical malpractice, the plaintiff has the burden of proving a casual connection between the alleged negligence and the injury. Said burden includes proof by the plaintiff of the results of any treatment which the plaintiff alleges should have been provided. Thus, you may not speculate about the possible results of administering or withholding particular treatment.

> See *Held v. Bail*, 28 Mass. App. Ct. 919, 921 (1989) rev. denied, 407 Mass. 1101 (1990)

37. The absence of a reference in a medical record to any aspect of a patient's medical treatment does not warrant an inference that something was or was not done.

> *Girard v. Crawford*, 13 Mass. App. Ct. 916, 916 (1982) (rescript)
>
> *D'Amico v. Cariglia*, 330 Mass. 246, 248 (1953)
>
> *Griffin v. General Motors Corp.*, 380 Mass. 362, 367 (1980).

Respectfully submitted,

______________________________

Charles P. Reidy, III
B.B.O. No.: 415720
Attorney for Defendant,
Barry Paster, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240