UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-10258NG

| | |
|---|---|
| ARTHUR PERNOKAS,       )<br>   Plaintiff       )<br>       )<br>VS.       )<br>BARRIE PASTER, M.D.,       )<br>   Defendant       )<br>       )<br>       ) | JOINT PRETRIAL MEMORANDUM |

1. **Attorney for Plaintiff, Arthur Pernokas:**

    Robert C. Gabler
    Carmen Durso
    100 Summer Street
    Boston, Massachusetts
    Telephone No. 617-542-2121

    **Attorney for Defendant, Barry Paster, M.D.:**

    Charles P. Reidy, III
    Martin, Magnuson, McCarthy & Kenney
    101 Merrimac Street
    Boston, Massachusetts
    Telephone No. 617-227-3240

2. The case is to be tried with a jury.

3. **Position of Plaintiff**:

    Dr. Paster had been Arthur Pernokas's primary care physician since 1992. Mr. Pernokas's troubles began in September 1998 with severe rectal bleeding. He made an appointment with Dr. Paster and saw him in his office. Dr. Paster examined him, diagnosed him with an internal hemmorhoids and ordered a sigmoidoscopy. Over the next 15 months, Mr. Pernokas experienced intermittent rectal bleeding but assumed it was due to the internal hemorrhoids which Dr. Pernokas had diagnosed. Then he began having severe abdominal pain which he told Dr. Paster about in person on December 8, 1999. After examining him on that date, Dr. Paster believed his symptoms were related to a cholesterol medication he was taking. Within weeks, Mr. Pernokas's symptoms had progressed to the point where he was having severe abdominal "spasms," which he reported to Dr. Pernokas on January 6, 2000. He saw Dr. Paster one week later, on Jauary 13, 2000, at which time Dr. Pernokas simply changed his cholesterol medication. Mr. Pernokas continued to experience abdominal pain on and off over

the next 18 months but, based upon Dr. Paster's diagnosis, believed it was a side effect of his cholesterol medication. By the spring of 2001 Mr. Pernokas's symptoms progressed such that he began feeling increasingly fatigued with weight loss. He reported these symptoms to Dr. Paster at an office visit on June 8, 2001, the last time they met. During all the years that Dr. Paster was Mr. Pernokas's primary care physician, he never ordered either a CBC or colonoscopy

Over the next several months, Mr. Pernokas's abdominal pain and activity level worsened. He went to Dr. Paster's office as scheduled on March 14, 2002 but this time he was seen by a physician's assistant, Jocelyn Duff. She ordered immediate blood work and scheduled an urgent appointment with Dr. Putnam Breed, a surgeon, who saw Mr. Pernokas the same day. Dr. Breed ordered a CAT scan which finally revealed the cause of Mr. Pernokas's symptoms: a large tumor in the right side of his colon penetrating through the bowel wall and spread into adjacent lymph nodes. He was also diagnosed with profound anemia. Within days, Dr. Breed performed an ileocolectomy, removing part of his small bowel and colon. Subsequently, Mr. Pernokas underwent considerable chemotherapy which left him depleted. Later on he developed painful anal fissures. He continues to worry about a recurrence of colon cancer and the effect it would have on his life and family.

Through expert testimony, Mr. Pernokas expects to show that Dr. Paster's failure to conduct the appropriate diagnostic tests resulted in a failure to diagnose colon cancer--a deviation from the acceptable standard of care. As a result of this deviation, Mr. Pernokas's cancer metastasized; he was forced to endure painful treatment including chemotherapy; he suffered the loss of part of his small bowel and colon; and his prognosis is worsened.

**Position of Defendant**:

Dr. Paster is Board Certified in Family Practice and at all relevant periods was the primary care physician of Mr. Pernokas. In September, 1998, at the age of 42, Mr. Pernokas presented to Dr. Paster with a complaint of bright red rectal bleeding over the past week or two with no mucous, diarrhea or abdominal pain. Mr. Pernokas was examined and an anosopy on September 11, 1998 revealed an internal hemorrhoid   Dr. Paster scheduled Mr. Pernokas for sigmoidoscopy which was performed on October 14, 1998. Prominent vessels were seen at 27 cm, small breaks in the mucosa were seen at 5 cm and an internal hemorrhoid was seen which explained the bleeding. There was no cancer. Mr. Pernokas was seen on December 8, 1999 and on June 8, 2001. No complaints of bleeding were made and in June, 2001, he reported feeling well. On March 14, 2002, Mr. Pernokas presented to Jocelyn Duff, Dr. Paster's physician's assistant, with increasing abdominal pain over the last 4-5 days. He was referred to a surgeon on that day. On exam by the surgeon, a mass was suspected in the ascending colon. A CT scan revealed the mass in the ascending colon from the ileocecal valve to the hepatic flexure. On March 19, 2002, Dr. Breed performed an ileocolectomy to remove the cancer. Mr. Pernokas was treated with chemotherapy and to date has no recurrence of his cancer.

Experts for the defendant are each expected to testify in accord with the disclosures provided to counsel and the Court. The position of the defendant is that at all times, he complied with the standard of care, that the bleeding in 1998 was not due to any cancer of the colon, that at the point the cancer could have been diagnosed, the treatment and prognosis of Mr. Pernokas

was no different than it was at the time of his diagnosis in March, 2002 and that based on the expected testimony of both Mr. Pernokas' experts and the experts of Dr. Paster, Mr. Pernokas, more probably than not, will survive his cancer.

4. Dr. Paster agrees that he acted as Mr. Pernokas' primary care physician from at least 1996 through March, 2002 and that Mr. Pernokas was diagnosed with colon cancer and operated on by Dr. Breed in March, 2002.

5. The issues of negligence, causation and damages, if any, are contested factual issues.

6. No jurisdictional issues are present.

7. Defendant has filed several motions with the Court relative to legal issues. Citations and memoranda have already been filed by counsel for the defendant. Plaintiff is also filing motions with an accompanying memo and necessary supportive citations.

8. No amendments to the pleadings are requested. Plaintiff, Dianne Pernokas, is dismissing her claim with prejudice and without costs.

9. Counsel are aware of no additional matters that may assist in the disposition of this matter.

10. Assuming a 9:00 a.m. to 1:00 p.m. trial day and the fact that the Court will not be sitting on June 14th, it is expected that the evidence will be concluded on Monday, June 19th.

11. **Voir Dire Procedure**:

Counsel propose a limited court directed, side bar voir dire exam of each potential juror with follow up questioning through the Court. The names of potential witnesses are listed under Section 12.

Counsel for plaintiff propose lawyer-conducted voir dire. Plaintiff's Motion for Voir Dire of the Jury Venire along with Plaintiff's Requested Voir Dire Questions are being filed separately.

The proposed description of the case to be read to the jury is as follows:

The plaintiff, Arthur Pernokas, has brought this claim against Barrie Paster, M.D., and is claiming that Dr. Paster was negligent in his care and treatment of Mr. Pernokas as a result of which Mr. Pernokas claims damages for an alleged delay in his diagnosis of colon cancer. Dr. Paster denies that he was negligent and denies that there was any delay in diagnosis. Dr. Paster asserts that his treatment was in accord with the appropriate standard of care and that nothing either done or not done caused harm to Mr. Pernokas.



12. **Witnesses**

Arthur Pernokas
14 Witch Lane
Plaistow, New Hampshire
Factual witness

Dianne Pernokas
14 Witch Lane
Plaistow, New Hampshire
Factual witness

Marcia J. Browne, M.D.
Wellesley, Massachusetts
Medical oncologist, expert witness
Qualifications in curriculum vitae accompanying expert disclosure

Richard N. Winickoff, M.D.
Medical Director
MGH Beacon Hill
Boston, Massachsuetts
Internal medicine, expert witness
Qualifications in curriculum vitae accompanying expert disclosure

Barrie Paster, M.D.
Lahey/Greenleaf Medical Associates
Amesbury, Massachusetts
Both factual, medical witness

Richard A. Parker, M.D.
Medical Director, Beth Israel Deaconess Physician Organization
Beth Israel Deaconess Medical Center
Boston, Massachusetts
Internal Medicine, expert witness
Qualifications in curriculum vitae accompanying expert disclosure

Marc B. Garnick, M.D.
Clinical Professor of Medicine, Harvard Medical School
Department of Medical Oncology
Beth Israel Deaconess Medical Center
Boston, Massachusetts
Medical oncology, expert witness
Qualifications in curriculum vitae accompanying expert disclosure

    Joseph C. Bergeron, Jr., M.D.
    Five Huckleberry Lane
    Acton, Massachusetts
    Anatomic and clinical pathology, expert witness
    Qualifications in curriculum vitae accompanying expert disclosure

13. **Proposed Exhibits:**

    1.    Records of Dr. Paster and Lahey;
    2.    Records of Dr. Breed;
    3.    Records of Anna Jacques Hospital;
    4.    Records of Dr. Niccolini
    5.    Records of Dr. Spieler;
    6.    Records of Dr. Chastain;
    7.    Records of Holy Family Caritas Hospital

14.    Defendant has enclosed proposed Pre Charge and Jury Instructions, together with proposed Special Verdict form. These are all on disc.

    Plaintiff requests the standard Pre Charge and objects to Defendant's proposed Pre Charge, particularly Numbers 3 – 6. Plaintiff requests a general verdict rather than the special verdict questions suggested by Defendant. Plaintiff's Request for Jury Instructions is being filed separately, and will be made available on disk,

| | |
|---|---|
| S/Gabler    s/Durso | s/Reidy |
| Robert C. Gabler | Charles P. Reidy, III |
| B.B.O. No. 547227 | B.B.O. No. 415720 |
| Carmen L. Durso | Attorney for Defendant, |
| B.B.O. No. 139340 | Barrie Paster, M.D. |
| Attorneys for Plaintiff | Martin, Magnuson, McCarthy & Kenney |
| Arthur Pernokas | 101 Merrimac Street |
| Law Office of Robert C. Gabler | Boston, MA 02114 |
| 100 Summer Street  32nd Floor | 617-227-3240 |
| Boston, MA 02110 | |
| 617-542-2121 | |

Dated: