UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-10258NG

| | |
|---|---|
| ARTHUR PERNOKAS AND | ) |
| DIANNE PERNOKAS, | ) |
|    Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| BARRIE PASTER, M.D., | ) |
|    Defendant | ) |

# PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OR TESTIMONY OF "LOST CHANCE" DAMAGES

The plaintiffs, Arthur Pernokas and Dianne Pernokas, hereby oppose the defendant's Motion to Exclude Evidence or Testimony of "Lost Chance" Damages.

As reasons, Defendant misunderstands the actual testimony anticipated of the plaintiffs' expert witnesses. Neither Dr. Richard Winickoff nor Dr. Marcia Browne, the plaintiffs' experts, expresses causation in the haphazard fashion of the expert in *Bradford v. Baystate Med. Ctr.*, 415 Mass. 202 (1993) which the defendant holds up as authority for his motion. Defendant correctly asserts Plaintiffs must show that it is more probable than not that the injury was caused by the defendant's negligence. Plaintiffs intend to demonstrate such proof through their experts.

The issue is one of causation. In her report (Defendant's Exhibit B) oncologist Marcia Browne, MD *inter alia* opines

> with a reasonable degree of medical certainty in the field of oncology, that, <u>more likely than not</u>:
>
> . . .
> h.    Had the cancer been detected while it was still an early stage
>         cancer, Mr. Pernokas likely would have had less extensive

>   surgery and probably not required chemotherapy;
>
> i.   The longer Mr. Pernokas's cancer went undiagnosed, the larger it became, the more likely it was to metastasize, the more treatment was needed and the poorer his prognosis became;
>
> j.   The 5-year survival rate for patients with Stage I colon cancer is 93 % and with Stage II is 72 – 85 %. Patients with Stage I and the majority of patients with Stage II do not require chemotherapy. The survival of patients with Stage III is 40 % - 60 % without chemotherapy and 65 % after chemotherapy (p. 3, emphasis added).

Her opinion simply has nothing to do with "lost chance damages" which are implied, but not even explicitly discussed, in *Bradford, supra*. Rather, she states a causal causation, "more probably than not," without ambiguity.

Nor does Dr. Winickoff substitute chance for causation. Although testifying chiefly about the standard of care required of a fellow primary care physician, Dr. Winickoff goes beyond mere probability and states his opinion with "near certainty":

> Had a colonoscopy been performed, a precancerous polyp or Stage 1 early cancer would almost certainly have been found in the right colon. It almost certainly would have been removed without a right colectomy, giving Mr. Pernokas a much greater chance of cure, probably approaching 100 % (Defendant's Exhibit A, p. 2).

Plaintiffs are not seeking to test the waters in Massachusetts for the Lost Chance Doctrine. They merely seek to establish through expert testimony "[t]he traditional rule of tort law … that a plaintiff must show … it is more probable than not that the injury was caused by the defendant's negligence." *Id.* at 208, citing *Forlano v.* Hughes, 393 Mass. 502, 507-508 (1984). As identified in their experts' opinions (Defendant's Exhibits A and B), that causal connection is amply set forth.

For these reasons, Plaintiff respectfully requests the Court to deny the Defendant's Motion to Exclude Evidence or Testimony of "Lost Chance" Damages.

Respectfully,

/s/ Robert C. Gabler
Robert C. Gabler, Esquire
100 Summer Street, Suite 3232
Boston, MA   02110
(617) 542-2121
BBO # 547227

Certificate of Service

I, Robert C. Gabler, attorney for the plaintiff, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filling (NEF) and paper copies will be sent to those indicated as non-registered participants on June 5, 2006.

/s/ Robert C. Gabler
Robert C. Gabler, Esquire