**INSTRUCTION NO.**

**BURDEN OF PROOF**

This is not a criminal case, and so the elements of the plaintiff's claim need not be proven "beyond a reasonable doubt".

The burden of the plaintiff in a civil action, such as this, is to prove the elements of her claim by what is termed the "preponderance of the evidence".

To establish something by a preponderance of the evidence means to prove to the jury's satisfaction that something is more likely so than not so.  It is as though there are evenly balanced scales such that, if the plaintiff can tip the scales even slightly in his favor, then the plaintiff will prevail.

*Sargeant v. Mass. Acid Co.*, 307 Mass. 246, 250 (1940); *Zezushi v. Jenny Mar Co.*, 363 Mass. 324, 393 (1973).

## INSTRUCTION NO.

## PREPONDERANCE OF THE EVIDENCE

In a civil action, like this one, the burden of proof is on the plaintiff to prove every essential element of his claim by a fair preponderance of the evidence.

To establish something by a "preponderance of the evidence" means simply to prove that something is more likely than not to be so.

A fair preponderance of the evidence does not mean that the plaintiff has to call more witnesses or produce a greater volume of evidence than the defendant. Whether there is a fair preponderance of the evidence is determined by the quality of the evidence. You must ask yourselves - is it more believable -- is it more trustworthy -- is it more accurate -- than evidence produced by the defendant.

The plaintiff needs only to prove his case by a preponderance of the evidence; he need not prove the case beyond a reasonable doubt, as is necessary in a criminal prosecution.

On the civil side of the court, we deal in terms of probabilities -- that a thing is more likely so than not so, or that a thing is more probable than not, and we do not deal with certainties.

**INSTRUCTION NO.**

**EVIDENCE PROPERLY CONSIDERED**

You may properly consider any admissions of the defendant in this action, which show his carelessness or negligence whether by deposition testimony, testimony on the witness stand or by evidence in any records.

**INSTRUCTION NO.**

**CONSCIOUSNESS OF LIABILITY**

You may consider whether the defendant has made any false or inconsistent statements to witnesses or to the court after the incident as reflecting upon the defendant's consciousness of his own liability.  See *Parsons v. Ryan*, 340 Mass. 245, 248 (1960); *Hall v. Shain*, 291 Mass. 506, 512-513 (1935).

**INSTRUCTION NO.**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or impeached by showing that he has previously made statements which are inconsistent with his present testimony.  The prior statement is admitted into evidence for your consideration in evaluating the credibility of the witness.

**INSTRUCTION NO.**

**DEPOSITION TESTIMONY**

Testimony was introduced in this case by reading from deposition transcripts. You are to evaluate and consider evidence introduced in that fashion the same way that you would evaluate and consider any other evidence introduced in this case. Testimony introduced by reading from a deposition transcript is to be treated in the same fashion as all other evidence.

**INSTRUCTION NO.**

**EXPERT OPINION TESTIMONY**

Experts are allowed to come in and express opinions only as an aid to you in arriving at the truth, and they are clothed in no greater garments of truth than the average witness that appears before you.  You can believe all of their testimony;  you can believe part of it and disbelieve part of it;  or you can disbelieve all of the expert's testimony, just as you can with respect to every other witness that comes before you and testifies.

*Potter v. John Bean Division of Food Machinery & Chemical Corp.*, 344 Mass. 420, 426-7 (1962).

**INSTRUCTION NO.**

**PRESUMPTION OF DUE CARE**

Arthur Pernokas must be presumed by you to have been in the exercise of due care at the time of his treatment.  The burden of proving that Mr. Pernokas was negligent is upon the defendant.  This burden of proof is the same as that which the plaintiff must meet.

*G. L. c. 231, §85.*

**INSTRUCTION NO.**

**CAUSATION**

Proximate [or legal] cause is not necessarily that which is next or last in time or place; proximate [or legal] cause need not be the sole cause.  If, upon consideration of all the evidence presented, you find that it was more probable than not that the conduct of the defendant contributed to Arthur Pernokas' injuries, you may find for the plaintiff.

*Leveille v. Wright*, 300 Mass. 283 (1938); *Willborg v. Denzell*, 359 Mass. 279 91971); *Horne v. Meakin*, 115 Mass. 326 (1874).

**INSTRUCTION NO.**

**CAUSATION**

The plaintiff is not required to prove his case beyond a reasonable doubt.  He is not required to eliminate entirely all possibility that the defendant's conduct was not a cause.  It is enough that he introduces evidence from which reasonable persons may conclude that it is more probable that the event was caused by the defendant than that it was not.  The fact of causation is incapable of mathematical proof, since no person can say with absolute certainty what would have occurred if the defendant had acted otherwise.  If, as a matter of ordinary experience, a particular act or omission might be expected to produce a particular result, and if that result has in fact followed, the conclusion may be justified that the causal relation exists.  In drawing that conclusion, the triers of fact are permitted to draw upon ordinary human experience as to the probabilities of the case.  Thus, when a child has drowned in a swimming pool, no one can say with absolute certainty that a lifeguard would have saved him;  but the common experience of the community permits the conclusion that the guard would more probably than not have done so, and hence that the absence of the guard has played a substantial part in bringing about the death of the child.  Such questions are for the jury to decide.

*Restatement of Torts, 2nd., §433B(1), comment (b)*.

## INSTRUCTION NO.

## EXACT CAUSE OF INJURY

The plaintiff is not required to present the exact cause of his injuries, nor is he required to exclude all possibility that his injuries occurred without fault on the part of the defendant. The plaintiff need only prove that the harm which occurred is more likely due to the negligence of the defendant than to any other likely cause.

*Woronka v. Sewall*, 320 Mass. 362 (1946).

**INSTRUCTION NO.**

**FORESEEABILITY**

To recover, a plaintiff need only prove that the defendant took a risk with regard to the his safety that a person of ordinary prudence would not have taken, and that injury to him was within the foreseeable risk.

*Cimino v. Milford Keg, Inc.*, 385 Mass. 323, 330 (1982).

## INSTRUCTION NO.

## COMPENSATORY DAMAGES

If you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate him for any harm which the wrongful conduct of the defendant was a substantial factor in bringing about. Among the elements of injury and harm which you should consider are:

1.      The present value of Arthur Pernokas's lost earning capacity.

2.      The physical harm to Arthur Pernokas, including:

physical pain and suffering,

disability,

loss of function,

or discomfort.

3.      The emotional and mental harm to Arthur Pernokas, including fear, humiliation, and mental anguish.

4.      The present value of Arthur Pernokas's future medical and living expenses.

5.      The extent and duration of Arthur Pernokas's injuries.

*Restatement of Torts II, §431*; *Kerr v. City of Chicago*, 424 F. 2d 1134, 1141 (7th Cir. 1970); *Guzman v. Western State Bank*, 540 F. 2d 948 (8th Cir. 1976); *Seaton v. Sky Realty Co.*, 491 F. 2d 634 (7th Cir. 1974).

**INSTRUCTION NO.**

**DAMAGES**

The plaintiff cannot come back years or even months from now and ask for additional money for problems which will be experienced in the future. You must, therefore, include in your award now any money you feel plaintiff will be entitled to in the future for his injuries.

*Stella v. Curtis*, 348 Mass. 458 (1965); *Lewis v. Springfield*, 261 Mass. 183 (1927); *Cuddy v. L & M Equipment Co.*, 352 Mass. 458 (1967).

**INSTRUCTION NO.**

**DAMAGES**

You have the right to consider the extent to which Arthur Pernokas' injury has caused him a loss of pleasure which he probably otherwise would have had.  In the form of family life or play or work or whatever, the plaintiff is entitled to full compensation for any diminution in the enjoyment of life which you conclude has resulted or probably will result from his injury.

*Carey v. General Motors Co.*, 377 Mass. 736 (1979).

**INSTRUCTION NO.**

**DAMAGES**

The plaintiff is entitled to recover for any and all physical or mental distress suffered by him which was proximately caused by the negligent acts or omissions of the defendant.

*Carr v. Arthur D. Little, Inc.*, 348 Mass. 469 (1965).

**INSTRUCTION NO.**

**DAMAGES**

In determining the amount of damages you find are necessary to compensate the plaintiff for his, you should consider what you feel is required to make him whole.

**INSTRUCTION NO.**

**DAMAGES**

In cases where damages are awarded, the law prescribes no definite measure of damages but leaves that matter to be fixed by you, as your discretion dictates is just and proper, considering all the circumstances and evidence.  It is not necessary, therefore, that any witness should have expressed an opinion as to the amount of the damages, if any, but it is for you, the jury, to determine the amount of such damages.  This finding, if made, should be based on all facts and circumstances revealed by the evidence, the consideration of them in connection with your own knowledge and experience in the affairs of life, in order to fairly compensate the plaintiff for the loss and damages resulting from his injuries.

**INSTRUCTION NO.**

**DAMAGES**

If you find that the plaintiff is entitled to a verdict, then he is entitled to full, fair and reasonable damages for his injuries.  The purpose of such compensation is to award him the equivalent in money for the actual past, present and future losses.  You are free to use any reasonable method to determine the amount of these losses.

## INSTRUCTION NO.

## BURDEN OF PROOF

An action brought against a doctor to recover damages for pain and suffering is a purely civil matter. It is not a proceeding of a criminal nature nor one concerned with the doctor's right to practice. It does not involve questions of moral turpitude nor issues concerning the doctor's motives. In order for a plaintiff to recover in an action of medical malpractice, the plaintiff must prove only that the doctor did not conform to the medical standard required of him by law and that harm was suffered as a result. Even if the jury finds that doctor's motives were the best, this in no way bars the plaintiff's recovery.

**INSTRUCTION NO.**

**EXTRANEOUS INFORMATION**

You are not to concern yourselves in deciding this case with whether or not a verdict against the defendant might affect his reputation or professional standing.  This is not a factor which can be properly considered by you.

**INSTRUCTION NO.**

**EXTRANEOUS INFORMATION**

If you return a verdict against the defendant, your findings will not result in the loss of his

license to practice medicine nor will it affect his right to practice medicine.

**INSTRUCTION NO.**

**STANDARD OF CARE**

The chief issue to be resolved by you concerning the alleged negligence of the defendant doctor is whether the defendant failed to use the care and skill of an ordinary family practitioner in his treatment of Arthur Pernokas.

**INSTRUCTION NO.**

**MEDICAL MALPRACTICE**

Medical malpractice is a term which is used to describe the negligence or carelessness of a doctor.

Negligence on the part of a doctor is the failure of the doctor to treat his patient in accordance with good, proper and acceptable medical care, with resulting harm to the patient.

Negligence is a form of carelessness, and the plaintiff need not show, and in fact does not charge, that the defendant intended that the harm result, or that the defendant was reckless.

**INSTRUCTION NO.**

**NEGLIGENCE**

"Negligence of a doctor consists of his failure to conform to the standard of care which the law sets for members of his profession, that is the obligation to have and to use the skill and care which members of his profession commonly possess and exercise under corresponding circumstances."

*Semerjian v. Stetson*, 284 Mass. 510, 512-513 (1933).

**INSTRUCTION NO.**

**STANDARD OF CARE**

If a doctor holds himself out as a specialist, such as a family practitioner, the law holds him to the standard of care and skill of the average member of the profession practicing in that specialty, taking into account the advances in the profession and the medical resources available to him.  *Brune v. Belinkoff*, 354 Mass. 102 (1968).  *Stepakoff v. Kanter*, 393 Mass. 836, 840 (1985).

**INSTRUCTION NO.**

**STANDARD OF CARE**

The defendant, by undertaking to treat Arthur Pernokas, represented that he possessed such skill, care and learning as is ordinarily possessed by the average qualified family practitioner.

Moreover, the law placed upon him the duty of possessing such skill, care and learning as is ordinarily possessed by the average qualified family practitioner.

**INSTRUCTION NO.**

**STANDARD OF CARE**

In addition to possessing such skill and learning, the defendant was under a duty to use reasonable care in the exercise of his skill and in the application of his learning in the treatment of Arthur Pernokas.

**INSTRUCTION NO.**

**DUTY OF CARE**

If you find that Arthur Pernokas was a patient of the defendant Dr. Paster, then you must find that as a matter of law that the defendant owed him the duty of reasonable due care in his examination, diagnosis and treatment of Arthur Pernokas.

*Civitarese v. Gorney*, 385 Mass. 652 (1971).

**INSTRUCTION NO.**

**DUTY OF CARE**

The degree of care to be exercised is always proportionate to the nature of the risk or dangers to be anticipated.

*Kane v. Fields Corner Grill, Inc.*, 341 Mass. 640, 642 (1961).

**INSTRUCTION NO.**

**DUTY OF CARE**

As the danger becomes greater, a person is required to exercise caution commensurate with that danger.  Those who deal in circumstances that are known to be dangerous must exercise a great amount of care because the risk is great.  They may be required to take every reasonable precaution suggested by experience and prudence.

 W. Prosser, Torts, §34 at 180 (4th ed.).

**INSTRUCTION NO.**

**DUTY OF CARE**

Failure to avoid a known risk can be the basis of negligence.

*Johnson v. Phillips*, 351 Mass. 712 (1967).

**INSTRUCTION NO.**

**BREACH OF DUTY**

If you find that the defendant knew of the risk of injury to Arthur Pernokas and failed to take reasonable steps to avoid that risk, then you must find in favor of the plaintiff.

**INSTRUCTION NO.**

**BREACH OF DUTY**

If you find from the evidence that the defendant Dr. Paster should have ordered additional tests for Arthur Pernokas, but that he did not, and that the defendant's failure was not consistent with the skill and care required of doctors practicing in his specialty, then you should find that the defendant did not act with due care and skill, and was negligent.

*Zimmerman v. Lituich*, 297 Mass. 91 (1937).

**INSTRUCTION NO.**

**BREACH OF DUTY**

If you find from the evidence that the defendant Dr. Paster should have ordered a sigmoidoscopy for Arthur Pernokas, sooner than he did, and that the defendant's failure was not consistent with the skill and care required of doctors practicing in his specialty, then you should find that the defendant did not act with due care and skill, and was negligent.

*Zimmerman v. Lituich*, 297 Mass. 91 (1937).

**INSTRUCTION NO.**

**BREACH OF DUTY**

If you find that the defendant failed to treat Arthur Pernokas in accordance with good and acceptable medical practice and that this failure was a contributing cause of his injuries, then you must return a verdict for the plaintiff.

**INSTRUCTION NO.**

**BREACH OF DUTY**

If you find from the evidence that if the defendant Dr. Paster had followed the usual and customary practices employed by family practitioners, Arthur Pernokas probably would not have been injured, or would have been injured to a lesser degree, then you would be warranted in finding that the failure of the defendant to follow such usual and customary practices constituted negligence.

**INSTRUCTION NO.**

**CAUSATION**

The defendant Dr. Paster is liable for Arthur Pernokas' injuries if the defendant's negligence was a proximate [legal] cause of his injuries.  Proximate cause is the legal [Legal cause is the] term used to describe the relationship between an event and the harm that flows from the happening of that event.  A proximate [legal] cause need not be the sole cause.  Thus, if upon consideration of all of the evidence presented, you find that it was more probable than not that Arthur Pernokas' injuries were caused by the defendant Paster's negligence, you must find for the plaintiff.

Put in another way, if upon consideration of all the evidence presented, you find that it was more probable than not that the defendant Paster's failure to conform to accepted medical practices caused Arthur Pernokas' injuries, you must find for the plaintiff and award him damages.

**INSTRUCTION NO.**

**CAUSATION**

The plaintiff must only demonstrate with reasonable probability that with proper and timely monitoring and treatment, it is likely that Arthur Pernokas' injuries would not have occurred, or would have been lessened.

**INSTRUCTION NO.**

**CAUSATION**

The plaintiff does not need to prove that the defendant could foresee or should have foreseen the precise injury to Arthur Pernokas which occurred.  The plaintiff need only prove that Arthur Pernokas' injuries were reasonably to be anticipated on account of the defendant's failure to exercise the care and skill of the average doctor in his field of specialization.

*Marangian v. Apelian*, 286 Mass. 429, 436 (1934).

**INSTRUCTION NO.**

**EXTRANEOUS INFORMATION**

There are many things which you are not allowed to consider in arriving at a verdict.  For example, you are not to concern yourself with the issue of attorneys compensation.  That is a matter which is regulated by statute, enforced by the court, and not to be considered by you in arriving at a verdict.

**INSTRUCTION NO.**

**EXTRANEOUS INFORMATION**

You must decide this case based only upon the information presented to you as evidence in this case. You may not speculate about a fact which has no support in that body of evidence.

## INSTRUCTION NO.

## CAUSATION

If you find that the defendant's conduct was a substantial factor in bringing about the plaintiff's harm, then you may find that defendant was the legal cause of the plaintiff's injury. You are not required to find that a defendant's conduct was the only cause of the plaintiff's injuries in order to find the defendant liable to the plaintiff, as long as you find that the defendant's conduct was a substantial factor in bringing about the harm.

*Michnik-Zilberman v. Gordon's Liquor, Inc.*, 390 Mass. 6, 14 (1983); *Tritsch v. Boston Edison Co.*, 363 Mass. 179, 181-182 (1973); *Restatement (Second) of Torts, §432 (a)*.

**INSTRUCTION NO.**

**CAUSATION - DAMAGES**

A defendant who is negligent must take his victim as he finds him.  If you find that the plaintiff had a pre-existing condition, and, as a result of injuries which he received because of the defendant's conduct, that condition was aggravated or made worse, then the defendant is responsible for that aggravation.

*Pierce v. Nawn*, 5 Mass. App. Ct. 224, 225-226, (1977).

**INSTRUCTION NO.**

**DAMAGES**

You may consider the life expectancy of the plaintiff on the question of the degree of expected future pain and suffering.

*Cuddy v. L.M. Equipment Co.*, 352 Mass. 458, 462 (1967).

**INSTRUCTION NO.**

**DAMAGES**

Where an injury arising from a case which entails liability on the defendant combines with a pre-existing disease to bring about greater harm to the plaintiff than would have resulted from the injury alone, the defendant may be liable for all the consequences.  If the injury causes or contributes to cause the development of a pre-existing disease, the person liable for the injury is liable also for the resulting aggravation.  The wrongdoer may be held responsible for the harmful results of the combined effects of his wrongful act and the disease.

**INSTRUCTION NO.**

**JOINT TORTFEASORS**

If two persons negligently contribute to the personal injury of another by their acts, they are jointly and severally liable.  That means that each one of them is individually responsible, by law, for the total amount of the injured person's damages, even if he is only 1% negligent.

The defendant denies that he was responsible for Arthur Pernokas' injuries.  If the plaintiff establishes by a fair preponderance of the evidence that the defendant was responsible for his injuries in any way, even though you may believe that another person was also responsible, you are to find the total amount of the plaintiff's damages, from all causes, and enter a verdict for the plaintiff in that amount.

**INSTRUCTION NO.**

**DELAY IN TRIAL**

You are instructed that the period of time between the occurrence of the incident in this case and the time of trial is not to be considered by you, in any way, in determining liability, or in mitigation of damages, or for or against any of the parties.

<u>Certificate of Service</u>

I, Robert  C. Gabler, attorney for the plaintiffs, hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filling (NEF) and paper copies will be sent to those indicated as non-registered participants on June 5, 2006.


/s/ Robert C. Gabler
Robert C. Gabler