UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-10258NG

| | |
|---|---|
| ARTHUR PERNOKAS AND | ) |
| DIANNE PERNOKAS, | ) |
|   Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| BARRIE PASTER, M.D., | ) |
|   Defendant | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE REFERENCES TO
MARITAL DISCORD OF DIANNE PERNOKAS AND ARTHUR
PERNOKAS AND TO EXCLUDE REFERENCES TO
DIANNE PERNOKAS'S USE OF MARIJUANA**

The plaintiff has requested the Court to exclude references to any marital discord of Dianne Pernokas and Arthur Pernokas, and to marijuana use by Dianne Pernokas. Now that Dianne Pernokas has dropped her claim for loss of consortium, and indeed is seeking to have her claim against Dr. Paster dismissed with prejudice and without costs, she will no longer be a plantiff in this case. As such, references to dissonance in the husband – wife relationship lack relevancy since such evidence would not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" Fed. R. Evid. 401. Any potential relevancy would have vanished with the dismissal of her claims. Since she would no longer be a plaintiff, the irrelevant evidence, introduced by reference or otherwise, is simply not admissible. Fed. R. Evid. 402. Further, even if a shred of this evidence were validated by some relevance--which it is not--

it should nevertheless be excluded since "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

For the same reasons, Arthur Pernokas has requested that references to his wife's marijuana use similarly be kept from the jury. No one suggests that her marijuana use contributed in any way to Mr. Pernokas's injuries, and its admission into evidence could only prejudice the jury into surmising—incorrectly—that her husband, the plaintiff, partakes in or acquiesces to this illegal activity. The evidence has no probative value. Mrs. Pernokas has not been convicted of a crime and an attempt to impeach her testimony by bringing up marijuana use could very well instill an unfair prejudice against her, and therefore husband, in the mind of the jury.

Any such evidence, of marital discord and of Mrs. Pernokas's marijuana use, should be kept from the jury. Fed. R. Evid. 401 – 403 authorize that exclusion.

       Respectfully,
       By his Attorney


       /s/ Robert C. Gabler_____
       Robert C. Gabler, Esquire
       B.B.O. 547227
       100 Summer Street, Suite 3232
       Boston, MA   02110
       (617) 542-2121
       June 6, 2006

<u>Certificate of Service</u>

I, Robert C. Gabler, attorney for the plaintiffs, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filling (NEF) and paper copies will be sent to those indicated as non-registered participants on June 6, 2006.

<span style="margin-left:50%">/s/ Robert C. Gabler_____<br>Robert C. Gabler, Esquire</span>