### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

_____

ARTHUR PERNOKAS,                      )
    Plaintiff,                    )
                             )
    v.                            ) Civ. Action 04cv10258-NG
                             )
BARRIE PASTER, M.D.                   )
    Defendant.                    )
_____

GERTNER, D.J.:

## JURY INSTRUCTIONS

### I.    ELEMENTS OF MEDICAL MALPRACTICE

Medical malpractice is a term which is used to describe the negligence or carelessness of a doctor.  Negligence on the part of a doctor is the failure of the doctor to treat his patient in accordance with good, proper and acceptable medical care, with resulting harm to the patient.  Negligence is a form of carelessness, and the plaintiff need not show that the defendant intended that the harm result, or that the defendant was reckless.

The plaintiff in this action has the burden of proving by a preponderance of the evidence the following three elements:

> (1)  The standard of care applicable, at the time of the incident in question;
>
> (2)  That the defendant failed to follow the standard of care, and was thereby negligent; and
>
> (3)  That the acts or omissions by the defendant were what the law regards as the proximate cause of injury to the plaintiff.

If plaintiff fails to prove any one of these requirements, plaintiff may not recover.

Please note that (1) the standard of care, and (2) the alleged failure to follow that standard of care are comprised within Question 1 of your verdict slip. Number (3), that the acts or omissions were the proximate cause of plaintiff's injury is comprised within Question 2 of your verdict slip.

I will now define each of the three elements:

**A.    Standard of Care**

The first element for you to decide is what was the standard of care. The standard of care which the law sets for members of the doctor's profession is the obligation to have and to use the skill and care which members of his profession commonly possess and exercise under corresponding circumstances.

If a doctor holds himself out as a specialist, such as a family practitioner, the law holds him to the standard of care and skill of the average member of the profession practicing in that specialty at the time in question, taking into account the advances in the profession and the medical resources available to him.

**B.    Breach of Standard of Care**

The second element which plaintiff must prove is that there was a breach of that standard of care. If you find that the

defendant failed to follow the standard of care I just discussed, then you must find that he was negligent.

The plaintiff does not need to prove that the defendant could foresee or should have foreseen the precise injury to Arthur Pernokas which occurred. The plaintiff need only prove that Arthur Pernokas' injuries were reasonably to be anticipated on account of the defendant's failure to exercise the care and skill of the average doctor in his field of specialization.

C.    **Causation**

The third element which plaintiff must prove is causation. This is referred to in Question 2 of your verdict slip. If you the jury determine that the defendant was in some way negligent, you must then go on to determine whether that negligence of the defendant was what the law calls a "proximate cause" of the injury of which the plaintiff complains.

"Proximate cause" means that the defendant's negligence was a substantial factor in the plaintiff's harm. Put otherwise, it is whether, as a matter of reasonable probability, the defendant's negligence significantly increased the risk of harm flowing from any disease or injury involved.

The causal relationship requires expert medical testimony and you as the finder of fact are not entitled and are not permitted to decide vital portions of it by way of conjecture, surmise, or speculation.

You are not required to find that the defendant's conduct was the only cause of the plaintiff's injuries in order to find the defendant liable to the plaintiff.  Nor does the plaintiff have to prove the exact cause of his injuries, or exclude all possibility that his injuries occurred without fault on the part of the defendant.  The plaintiff need only prove that the harm that occurred is more likely due to the negligence of the defendant than to any other likely cause.

If, as a matter of ordinary experience, a particular act or omission might be expected to produce a particular result, and if that result has in fact followed, the conclusion may be justified that the causal relation exists.

The plaintiff has the burden of proving the results of any treatment which the plaintiff alleges should have been provided. Thus, you may not speculate about the possible results of administering or withholding particular treatment.

## II.  DAMAGES

The third question on your verdict slip concerns damages.

Before I instruct you on damages, I have to say that you should not interpret the following instructions on the issue of damages as an indication of any view as to which party is entitled to your verdict in this case.  You, the jurors, are the sole judges of whether, and in what amount, damages should be

awarded to the plaintiff.  Instructions as to the measure of damages are given only for your guidance.

If you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate him for any harm as you find was caused by the negligence of the defendant.

In cases where damages are awarded, the law prescribes no definite measure of damages but leaves that matter to be fixed by you, as your discretion dictates is just and proper, considering all the circumstances and evidence.  It is not necessary, therefore, that any witness should have expressed an opinion as to the amount of the damages, if any, but it is for you, the jury, to determine the amount of such damages.  This finding, if made, should be based on all facts and circumstances revealed by the evidence, and the consideration of them in connection with your own knowledge and experience in the affairs of life, in order to fairly compensate the plaintiff for the loss and damages resulting from his injuries.

Among the elements of injury and harm which you should consider are:

> 1.    The value of Arthur Pernokas's lost earning
>       capacity.
>
> 2.    The physical harm to Arthur Pernokas, including:
>       physical pain and suffering, disability, loss of
>       function, or discomfort.

      3.    The emotional and mental harm to Arthur Pernokas, including fear, humiliation, and mental anguish.

      4.    The extent and duration of Arthur Pernokas's injuries.

The plaintiff cannot come back years or even months from now and ask for additional money for problems which will be experienced in the future.  You must, therefore, include in your award now any money you feel plaintiff will be entitled to in the future for his injuries.

**A.   Pain and Suffering**

With respect to pain and suffering, there is no specific formula for determining the plaintiff's damages for physical and mental pain and suffering already suffered, and for any pain and suffering that you find the plaintiff is reasonably certain to suffer in the future as a result of the injury caused by the defendant's negligence.  The damages that you, the jury, decide to award for pain and suffering should constitute what you believe to be a reasonable compensation under the facts of this case.  In determining this amount, you are to be guided by your own experience and sense of fairness.  You may consider the intensity and the length of the plaintiff's suffering, the nature of the injury, the injured person's age and health, and his inability to lead a normal life.

**B.   Loss of Earning Capacity**

With respect to loss of earning capacity, you should consider any evidence that has been introduced tending to show that the plaintiff's ability to earn money in the future has been impaired or diminished.  You must consider only the diminution of the plaintiff's earning capacity and not that of some standard or normal man in the same position.  The assessment of damages for such impairment rests largely upon the common knowledge of the jury.  You may consider the following in reaching this amount: any evidence of earnings before and after the injury; any evidence of occupational education, capacity, duties, and experience; and evidence of opportunity for employment and earnings lost because of the disability.

C.    **<u>Mental Anguish</u>**

With respect to mental anguish, you are to fairly compensate plaintiff for past, present and future pain and suffering associated with his emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety.  You may include in your award any amount that you feel will fairly compensate the plaintiff for deterioration of his health, for medical, psychiatric and counseling expenses, and for impairment of his earning capacity resulting from the emotional distress.

In determining mental anguish, you have the right to consider the extent to which Arthur Pernokas' injury has caused

him a loss of pleasure which he probably otherwise would have had, in the form of family life or play or work or whatever.  The plaintiff is entitled to full compensation for any diminution in the enjoyment of life which you conclude has resulted or probably will result from his injury.

May 17, 2007